UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

BILLY W. LOCKE, )
    *Plaintiff*, )
     )
v. ) No. 1:22-cv-00001-TRM-CHS
     )
MICHAEL RICHMOND and )
ETOWAH CITY POLICE DEPARTMENT, )
    *Defendants*. )

## REPORT AND RECOMMENDATION

### I.    Introduction

Plaintiff Billy W. Locke, *pro se*, is proceeding *in forma pauperis* in this action. [Doc. 5]. This Court is responsible for screening all actions filed by plaintiffs proceeding *in forma pauperis* and dismissing any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A and 1915(e)(2).

### II.    Facts

Plaintiff brings this action under 42 U.S.C. § 1983 against the Etowah, Tennessee, Police Department ("EPD") and EPD Sergeant Michael Richmond. [Doc. 2, Complaint ¶ 1]. Plaintiff alleges that Sgt. Richmond pulled over Plaintiff's vehicle and removed him from the vehicle. While Plaintiff was on his knees with hands cuffed behind his back, Sgt. Richmond instructed him to lie down. While he was complying with this instruction, Plaintiff alleges that Sgt. Richmond "runs his arm between my legs, hits me in the nuts, grabs my right leg, yanks it out behind me and takes his shoulder and shoves me on the ground. . . ."

### III. Discussion

#### A. Standard of Review

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint upon which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN, Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint . . . contain[s] factual allegations that, when accepted as true, set out plausible claims for relief."). This requirement simply means that the factual content pleaded by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

#### B. Analysis

Plaintiff alleges that Sgt. Richmond gratuitously hit him in his groin while he was complying with Sgt. Richmond's instructions to lie down. This allegation states a claim under 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment.

On the other hand, a police department of a local government is not an entity capable of being sued. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994); *see also King v. McCarter*, Case 1-20-cv-185 (E.D. Tenn. Aug. 26, 2010) (Collier, J.). Plaintiff has failed to state a claim against the EDP.

IV. Conclusion

For the reasons stated herein, it is **RECOMMENDED**[1] that a service packet be issued to Plaintiff with appropriate instructions for Defendant Sgt. Michael Richmond and that the Etowah Police Department be dismissed without prejudice from this action.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).