UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| BILLY W. LOCKE, | ) | |
|---|---|---|
| *Plaintiff*, | ) | Case No. 1:22-cv-1 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| MICHAEL RICHMOND, | ) | |
| | ) | |
| *Defendant*. | ) | |

**ORDER**

Before the Court is pro se Plaintiff Billy Wayne Locke's motion for default judgment against Defendant Michael Richmond (Doc. 41). The Court **GRANTS** the motion (*id.*) and **AWARDS** Locke $10,000.00 in compensatory damages.

I.  **BACKGROUND**

Locke's injuries stem from an encounter with Richmond, an Etowah County police officer, that took place on May 24, 2020. (Doc. 1, at 4.) Richmond pulled over Locke's vehicle, physically removed Locke, and placed him in handcuffs. (*Id.*) While Locke was on his knees with his hands cuffed behind his back, Richmond directed him to lie down. (*Id.*) As Locke complied, Richmond "r[an] his arm between [Locke's] legs, hit[ him] in the nuts, grab[bed his] right leg, yank[ed] it out behind [him] and t[ook] his shoulder and shove[d him] on the ground" in the presence of a female police officer. (*Id.*)

Locke initiated the present action on January 3, 2022. (Doc. 1.) Based on the allegations in his complaint, Locke asserts a claim against Richmond for use of excessive force in violation of his Fourth Amendment right, pursuant to 42 U.S.C. § 1983. (*Id.* at 4.) Locke also made

allegations against the Etowah, Tennessee, Police Department ("EPD"), but the Court dismissed EPD as a party pursuant to United States Magistrate Judge Christopher H. Steger's recommendation that Locke failed to state a claim against it. (Doc. 8, at 3; Doc. 9.)

Richmond was served with process but never filed an answer or otherwise responded to the complaint. (Doc. 19.) Locke filed an application for Clerk's entry of default on January 23, 2023. (Doc. 27). The Clerk entered default against Richmond on March 7, 2023. (Doc. 29). On August 21, 2023, the Court held a damages hearing during which Locke testified about his injuries.

## II. STANDARD OF LAW

Applications for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure. Following the Clerk's entry of default pursuant to Rule 55(a) and the plaintiff's application for default judgment under Rule 55(b), the complaint's factual allegations regarding liability are taken as true, while allegations regarding damages must be proven. *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009). The party seeking default judgment bears the burden of establishing damages. *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011).

## III. ANALYSIS

Taking the allegations in the complaint as true as they pertain to Richmond, the Court **ACCEPTS** Locke's allegations and **FINDS** that Richmond violated Locke's Fourth Amendment rights, pursuant to 42 U.S.C. § 1983. Consequently, the Court will **GRANT** Locke's motion for default judgment (Doc. 41) and **ADJUDGE** that Richmond is liable for the § 1983 violation that Locke alleged. The only issue remaining for the Court's resolution is the amount of damages. Locke seeks compensatory damages in the amount of $5,000,000.00. (Doc. 1, at 5.)

The Supreme Court has held that "when § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts[, and] damages in tort cases are designed to provide '*compensation* for the injury caused to plaintiff by defendant's breach of duty.'" *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305–07 (1986) (internal citations omitted) (quoting *Carey v. Piphus*, 435 U.S. 247 (1978) (emphasis in original)). "To that end, compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as . . . [']mental anguish and suffering.'" *Id.* (quoting *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 350 (1974); *Carey,* 435 U.S. at 264 (mental and emotional distress constitute compensable injury in § 1983 cases).

At a damages hearing held before the undersigned on August 21, 2023, Locke credibly testified and offered sufficient proof for the Court to assess $10,000.00 against Richmond for the emotional distress and mental anguish suffered by Locke. Specifically, Locke testified that he was embarrassed because of the presence of a female officer when he was struck in a sensitive area and that he still, three years after the encounter, endures pain in the injured area such that he has difficulty walking. He also offered testimony about the pain he suffered at the time of the injury.

IV. **CONCLUSION**

For these reasons, the Court **AWARDS** Locke at total of $10,000.00 in compensatory damages for Richmond's wrongdoing.

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/ *Travis R. McDonough*
TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE